IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 09-04448-8-ATS |
| | ) | |
| GREGORY T. BALLOU | ) | CHAPTER 7 PROCEEDING |
| ERIN A. BALLOU | ) | |
| | ) | |
| DEBTOR(S). | ) | |

### MOTION TO DISMISS CHAPTER 7 PROCEEDING
### PURSUANT TO 11 U.S.C. § 707(a) & (b)(3)

Now comes the Bankruptcy Administrator for the Eastern District of North Carolina and moves the Court for an order dismissing the debtors' Chapter 7 case pursuant to 11 U.S.C. § 707(a) and (b)(3). The Bankruptcy Administrator supports the motion in the following:

GENERAL ALLEGATION AND JURISDICTION

1. The debtors filed a voluntary petition for Chapter 7 relief on May 28, 2009. The § 341 first meeting of creditors was held on June 30, 2009.

2. Bankruptcy Rule 1017(e) requires that a motion to dismiss case due to abuse must be filed within 60 days of the date of the first scheduled § 341 meeting of creditors. This motion is timely filed pursuant to B.R. 1017(e).

DEBTORS' SCHEDULES, STATEMENT OF AFFAIRS AND FORM 22A

3. Debtors' schedules state that they have $349,512.99 of secured debts, $0.00 of priority unsecured debts, and $50,460.59 of non-priority unsecured debts. Debtor's debts are primarily consumer debts.

4. The debtors are married. The debtors have five dependent children, but their oldest daughter primarily resides with the other parent. Based on the schedules, the Bankruptcy Administrator believes that the debtors' household size is six.

5. Schedule I of the debtors' petition states that the husband debtor is an IT manager with Gilead Services. He states that his gross monthly earnings are $5,847.72. On Schedule I, he deducts from his wages the following: taxes ($1,344.98); insurance ($205.40); 401(k) $175.43; medical spending account ($43.33); and ESOP ($99.30). The wife debtor states that she is a homemaker, and has no earnings. The debtors state that their net monthly income is $3,979.28 per month.

6. The Bankruptcy Administrator believes that the debtors have understated their income. Pursuant to a 2004 exam order, the debtors produced various documents concerning their financial situation. These documents demonstrate that the husband debtor's gross income is $9,166.00 per month, which is $3,319.00 more than scheduled.

7. The Bankruptcy Administrator further believes that the debtors have excessive expenses on Schedule J. The debtors state that they expend $960.00 per month in charitable donations. This amount appears to be excessive. The debtors further state that they spend $416.00 per month for tuition and education. While they do spend this amount, they do not disclose on Schedule I that this amount is reimbursed by husband debtor's employer. Thus, there is no expense for the tuition.

## BASIS FOR DISMISSAL

8. The debtors' case should be dismissed pursuant to 11 U.S.C. § 707(b)(3). The debtors have understated their income and overstated their monthly living expenses, and

have the ability to pay their creditors.  The financial condition of the debtor demonstrates abuse based on the totality of the circumstances.

9. The debtors' case should further be dismissed pursuant to 11 U.S.C. § 707(a).  The debtors have vastly understated their income and failed to disclose the tuition reimbursement.  For these inaccuracies, their case should be dismissed.

WHEREFORE, the Bankruptcy Administrator respectfully moves the court for entry of an order which grants dismisses the debtor's case pursuant to 11 U.S.C. § 707(a) and (b)(3); and any other relief that this court may deem just and equitable.

Respectfully submitted, this 31st day of August, 2009.

/s/ Marjorie K. Lynch
Marjorie K. Lynch
Bankruptcy Administrator


/s/ C. Scott Kirk
Staff Attorney
Bankruptcy Administrator
P.O. Box 3758
Wilson, NC 27895
(252) 237-6854
Scott_Kirk@nceba.uscourts.gov
Ohio Supreme Court No. 0069617


**CERTIFICATE OF SERVICE**

I, C. Scott Kirk, of P.O. Box 3758, Wilson, North Carolina, 27895-3758, certify:

That I am, and at all times hereinafter mentioned was, more than eighteen (18)

That on the 31st day of August, 2009, I served copies of the foregoing document on the following:

John T. Orcutt, Esq.
Attorney for Debtor
(served electronically)

Holmes P. Harden
Chapter 7 Trustee
(served elecontronically)

by electronic service via cm/ecf, and

by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail on August 31, 2009 to the following:

Gregory & Erin Ballou
416 Euphoria Circle
Cary, NC  27519

I certify under penalty of perjury that the foregoing is true and correct.

Dated this 31st day of August, 2009.


/s/ C. Scott Kirk
Staff Attorney
Bankruptcy Administrator
P.O. Box 3758
Wilson, NC 27895
(252) 237-6854
Scott_Kirk@nceba.uscourts.gov
Ohio Supreme Court No. 0069617